alleged that defendant had prevented performance of the contract by plaintiffs. The answer set up as a defense and counterclaim that the plaintiffs had failed to do the work in accordance with the contract and that they at no time intended to complete the contract.

*Maurice Rose* for appellant.

*Frank R. Greene* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BARTHOLOMEW J. HOPKINS et al., Appellants, *v.* HATTIE M. HAWKINS et al., Respondents.

*Real property — easements — right of way — action to compel specific performance of alleged option to purchase.*

*Hopkins* v. *Hawkins*, 211 App. Div. 833, affirmed.

(Argued May 12, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 5, 1924, unanimously affirming a judgment in favor of defendants, entered upon an order of Special Term granting a motion to dismiss the complaint on the ground that it failed to state a cause of action. The complaint demanded specific performance of the following provision in a deed theretofore executed by defendants Hawkins to the plaintiff. " Said second parties are to have the first privilege and option of purchasing said five foot strip of land from said first parties, their heirs and assigns for the sum of Five hundred ($500.00) Dollars and such sale of said five foot strip shall extinguish said easement on the part of said first parties, their heirs, executors and assigns." The strip therein referred to in connection with an adjoining strip of the land conveyed to plaintiffs was used as a common driveway by the parties and as a way to property in the rear owned by the said Hawkins. Subsequently they conveyed said rear property to defendant Seeley together with the said right of way thereto and

plaintiffs by this action seek to exercise their option and terminate said right of way.

*Frank Hopkins* for appellants.

*Joseph M. Meatyard* for Hattie M. Hawkins et al., respondents.

*B. B. Aylesworth* for Elizabeth S. Seeley, respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

CRENSHAW ENGINEERING AND CONSTRUCTION CO., INC., Appellant, *v.* NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent.

LINDLEY M. GARRISON, as Receiver of NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent; ÆTNA CASUALTY AND SURETY COMPANY et al., Appellants, Impleaded with Another.

*Contract — action to recover upon quantum meruit — counterclaim for alleged breach of contract.*

*Crenshaw Eng. & Construction Co. v. N. Y. Munic. Ry. Corporation,* 209 App. Div. 893, affirmed.

(Argued May 12, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1924, which affirmed a judgment in favor of defendant receiver against the plaintiff entered upon a verdict directed by the court and reversed a judgment in favor of defendants, appellants, dismissing said receiver's counterclaim against them and directed judgment against them on said counterclaims. Initially the plaintiff, a contractor, sued the railway corporation and the receiver thereof to recover upon a *quantum meruit* for the claimed breach of a construction contract. About a year later the receiver brought a counter action against the contractor and the sureties on its performance bond, claiming damages for breach of contract against the contractor and against the sureties. These two actions were